### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **IN RE:** | **MOUSSA SACKO,** | : | **Chapter 13** |
| | | : | |
| | **Debtor** | : | **Bky. No. 16-15151 ELF** |

# O R D E R

     **AND NOW,** upon consideration of the Motion for Relief from the Automatic Stay (the Pending §362 Motion) (Doc. # 115) filed by U.S. Bank National Association ("the Movant"), the Debtor's response, and the Debtor's Motion for Relief form the Order Entered July 19, 2019 (Doc. # 113), collectively "the Motions;"

     **AND**, based upon the settlement between the parties recited in open court on **October 9, 2018**, the Motions having been resolved by agreement;

     It is therefore **ORDERED** that:

1. The Order dated **August 22, 2018** (Doc. # 109) is **VACATED** and **SUPERSEDED** by this Order.

2. The automatic stay shall remain in effect **PROVIDED** that:

   a. **On or before October 17, 2018**, the Debtor files a motion to amend his confirmed chapter 13 plan to provide for payment of the post-petition charges of **$2,176.00** stated in the Movant's Notice of Post-Petition Mortgage Fees, Expenses, and Charges filed December 21, 2016 (supplement to Claim No. 4-1) (hereafter "the 2016 Post-Petition Charges") or promptly requests a loan modification (and diligently prosecutes the request); and

   b. the Debtor remains current on all future payment obligations under the subject note and mortgage during the pendency of this bankruptcy case as required by 11 U.S.C. §1322(b)(5);

3. In the event that the Debtor defaults on his obligations under Paragraph 2, the Movant may give the Debtor and the Debtor's counsel written notice of the default.  If such default is not

cured within ten (10) days after the service of the notice, upon Certification of Default filed with the court and served on the Debtor and the Debtor's counsel, the court may terminate the automatic stay without a further hearing.

4.  In the event that Debtor elects only to pursue a loan modification and complies with his obligation to diligently prosecute the loan modification request, but his request is denied, the Movant may relist the Pending §362 Motion for a hearing.

5.  If the Debtor remains current on all future payment obligations under the subject note and mortgage during the pendency of this bankruptcy case, or cures any temporary default, the Movant **CONDITIONALLY WAIVES** its claim to seek post-petition mortgage fees and attorney's fees for the period **December 22, 2016** through **October 9, 2018**.  If, however, the Debtor defaults on those obligations and this bankruptcy case is converted to chapter 7 or dismissed, this Paragraph and the conditional waiver will **VOID AND OF NO FORCE AND EFFECT**.

6.  **On or before October 19, 2018**, either party may request a clarification or technical correction of the content of this order by filing a praecipe requesting a status conference. Upon the filing of such praecipe, the Courtroom Deputy will promptly schedule a telephonic conference.  If a praecipe is not timely filed, this Order will conclusively be deemed to be a complete and accurate statement of the settlement stated on the record in court on **October 10, 2018**.

Date:   October 10, 2018        _____
                                **ERIC L. FRANK**
                                **U.S. BANKRUPTCY JUDGE**